IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| NIDIA LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:13-cv-05098-MDH |
| | ) | |
| MID-AMERICA ACCOUNTS CONTROL | ) | |
| BUREAU INCORPORATED | ) | |
| d/b/a Mid-America Collections, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 25) and Defendant's Objection to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment. (Doc. No. 29). The Court has previously denied Plaintiff's Motion to Strike the Cross-Motion, and the parties have now fully briefed the pending motions. As such, the Motions are ripe for ruling.

## BACKGROUND

Plaintiff's Complaint alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, (FDCPA). Plaintiff alleges Defendant violated the FDCPA when Defendant's representative left a voicemail message on Plaintiff's phone. Plaintiff's sole claim in this matter is that Defendant failed to state, in a May 10, 2013 voicemail, that the call was

1

being placed by a debt collector in an attempt to collect an alleged debt.[1]  The facts are undisputed.

Defendant is a debt collector and in an attempt to collect a debt from Plaintiff placed collection calls to her.  On May 8, 2013, Plaintiff spoke with Defendant's representative, Amy Thomas, regarding Defendant's attempt to collect a debt.  This phone conversation was recorded.  During the phone conversation, Thomas informed plaintiff that the phone call was an attempt to collect a debt and that all information would be used for that purpose.  In addition, Thomas requested permission from Plaintiff to leave her a voicemail message, and Plaintiff gave Thomas permission to do so.  Additionally, Plaintiff informed Thomas she would call her back on May 9, 2013, to make arrangements to pay the debt.  Plaintiff did not call Thomas on May 9, 2013.

On May 10, 2013, Thomas, consistent with the permission extended by Plaintiff during the May 8, 2013 telephone call, left Plaintiff the following voicemail message:  "This is Amy Thomas with Mid-American Collections.  I need you to give me a call back at 417-627-7990."

## STANDARD OF REVIEW

Summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp., v. Catrett,* 477 U.S. 317, 322-23 (1986).  The moving party is entitled to summary judgment as a matter of law if they can establish there is "no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party.  *Woodsmith Publ'g Co. v. Meredith Corp.,* 904 F.2d 1244, 1247 (8th Cir. 1990).  Once the moving party has established a properly supported motion for summary

---

[1] Plaintiff had a subsequent telephone conversation with Defendant's representative on May 28, 2013, which was also recorded, but that communication is not at issue in this case.

judgment, the non-moving party cannot rest on allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc..* 477 U.S. at 248.

## DISCUSSION

"The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." *Peters v. Gen. Serv. Bureau, Inc.,* 277 F.3d 1051, 1054 (8th Cir. 2002); *citing,* 15 U.S.C. § 1692(e). The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means" in connection with debt collection. *Id.* "A successful plaintiff may recover actual damages, statutory damages up to $1,000, attorney fees, and costs." *Id.*

Plaintiff alleges Defendant specifically violated 15 U.S.C. § 1692e (10) and (11) which state the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

In evaluating whether the debt collector's communication is "false, misleading, or deceptive in violation of §1692(e)" the communication is viewed "through the eyes of an unsophisticated consumer." *Id.* This perspective protects consumers of below average sophistication or intelligence. *Id.* However, there is an objective element of reasonableness to the analysis. *Id.*

3

Plaintiff claims Defendant's single voicemail on May 10, 2013, violated the FDCPA because the caller did not identify herself as a debt collector. It is undisputed that the voicemail message was as follows:

> This is Amy Thomas with Mid-America Collections. I need you to
> Give me a call back at 417-627-7990.

It is further undisputed, that two days earlier Plaintiff had a phone conversation with Defendant's representative, Thomas, in which Thomas identified herself as a debt collector, discussed the debt owed, asked permission to leave a voicemail, was granted permission to do so and Plaintiff indicated she would call Thomas back the next day. When Plaintiff did not call back, Thomas called Plaintiff and left the voicemail message at issue.

Plaintiff argues that Defendant did not disclose it was a debt collector in the May 10th voicemail. Plaintiff further alleges that the May 10th message's failure to "disclose that Defendant is a *debt* collector" is deceptive. However, Plaintiff admits that during her phone conversation with Thomas she was informed that the purpose of the call was debt collection. Plaintiff's citation to numerous cases from various district courts across the country is unpersuasive.[2] The lengthy list of cases cited by Plaintiff contains numerous fact scenarios all of which are substantially different from the evidence before the Court in this case.

Looking at the undisputed facts, Plaintiff admits Defendant made a full disclosure in its initial communication. Based on Plaintiff's initial phone call with Thomas, using an unsophisticated consumer approach, the voicemail left two days later based on permission expressly extended by plaintiff would clearly convey to plaintiff that the communication was from a debt collector – the same person she had talked to within the last 48 hours, promised to

---

[2] Plaintiff cites cases from district courts in Texas, California, New York, Michigan, Massachusetts and Illinois.

4

call back and is a person identified in the voicemail as the same employee of Mid-America Collections.

The purpose of the FDCPA is to prohibit debt collectors from using false representations or deceptive means to collect debt. Here, there is no evidence of any such practice. Rather, Plaintiff was contacted by the same individual (as opposed to a different representative from Defendant) and was fully aware of the nature of the call based on her prior communication.

In *Pace v. Portfolio Recovery Assoc., LLC.,* the Court analyzed the plaintiff's claims from the unsophisticated consumer perspective and held that "plaintiff's testimony reveals that during each phone contact he knew he was speaking with a representative of defendant either through caller ID or a verbal announcement by the representative." 872 F.Supp.2d 861, 865 (W.D. Mo. 2012)(granting summary judgment to defendant). The Court further stated with regard to additional communications "although the notice could have been worded more closely to mirror the language contained in the FDCPA, it was not false or misleading…" *Id.* at 867.

Plaintiff argues that the facts and law in *Pace* are distinguishable. While it is true the factual scenario is different, the Court's application of the "unsophisticated consumer" standard under the FDCPA is applicable to the facts in this case. Plaintiff contends that "she has made no admission that she knew who Defendant was or why it was calling." However, the undisputed facts are that on May 8, 2013, Plaintiff and Defendant's representative, Thomas, had a phone communication and full disclosures were made during that call. In addition, Plaintiff gave Thomas permission to leave her a voicemail knowing who Thomas worked for and the purpose of the call. Within 48 hours, Defendant's same representative, Thomas, called Plaintiff and used the company's name in the voicemail. Even if Plaintiff does not "admit" she knew who Defendant was or why it was calling, the Court finds, when reviewing the evidence before it

5

under the unsophisticated consumer approach, that Plaintiff could not have been deceived as to who Thomas was or the purpose of the voicemail.

Here, this Court is unpersuaded by Plaintiff's argument that Thomas did not use the word "debt" in her voicemail message and therefore that she was unaware of the purpose of the phone call. While the voicemail did indicate Thomas was calling from "Mid-America Collections,[3]" it is more persuasive that two days prior Plaintiff talked to Thomas, was fully advised of the purpose of the call, promised to call Thomas the next day and then gave permission for Thomas to call back and leave a message. Based on a review of the record before the Court, there could be no confusion regarding the identity of the representative who left the voicemail message or the purpose of the call. There is simply no evidence, when viewed through the eyes of an unsophisticated consumer, that Defendant used false, deceptive or misleading representations in its communication with Plaintiff regarding collection of a debt. As such, as a matter of law, no genuine issue of material fact exists to survive summary judgment.

## CONCLUSION

Wherefore, based on the record before the Court, and applying an unsophisticated consumer standard to the facts, the Court finds that no genuine issue of material fact exists to survive summary judgment. The Court finds Plaintiff has failed to establish Defendant violated the FDCPA. Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 25) is **DENIED** and Defendant's Motion for Summary Judgment (Doc. No. 29) is **GRANTED.**

---

[3] Defendant argues "all correspondence provided to Plaintiff stated Mid-America Accounts Control Bureau, Inc. See Exhibit 2." (Doc. No. 29, p. 4). However, the Court did not receive an Exhibit 2. Further, Defendant's Answer to Plaintiff's Amended Complaint was answered by "Defendant, Mid-America Collections." (Doc. No. 21). Defendant's argument regarding the reason Thomas used "collection" in the voicemail is unpersuasive.

6

**IT IS SO ORDERED.**

DATED: December 8, 2014

                */s/ Douglas Harpool*
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**